UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH ZLOZA,

        Plaintiff,

  v.                                      Case No. 23-cv-0851-bhl

US GOVERNMENT, et al,

        Defendants.

## ORDER DISMISSING CASE

On June 26, 2023, Plaintiff Joseph Zloza, proceeding *pro se*, filed a complaint against the US Government, FBI, CIA, City of Mauston, City of New Lisbon, Teachers, Local, State, and Federal Police, Courts, the United States of America, and Wisconsin. (ECF No. 1.) Since filing his complaint, Zloza has filed several other documents with the Court that he states provide additional information. (*See* ECF Nos. 5, 14, 18, 19, 20, 24, 27.) He also filed a motion for leave to proceed without prepayment of the filing fee on August 14, 2023, despite having already paid the filing fee in full on June 30, 2023. (*See* ECF No. 25.) The state of Wisconsin, corporation counsel for Juneau County, and the Cities of Mauston and New Lisbon have moved to dismiss Zloza's complaint. (ECF Nos. 21, 30, 31.) Leaving to one side Zloza's payment of the filing fee and the pending motions to dismiss, the Court has its own authority to dismiss an action at any time if the Court determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Because Zlosa's complaint is frivolous, it will be dismissed.

### SCREENING THE COMPLAINT

In screening a *pro se* complaint to determine whether the action is frivolous, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she

is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

"A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support his or her claim for relief.'" *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279-80) (7th Cir. 1985)). Rational arguments in support of a claim for relief are impossible where "the plaintiff's allegations are so 'fanciful,' 'fantastic,' and 'delusional' as to be 'wholly incredible.'" *Bussie v. Attorney General*, Nos. 13-cv-476-wmc, 13-cv-477-wmc, 2013 WL 3934179, at *2 (W.D. Wis. July 30, 2013) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

## ALLEGATIONS OF THE COMPLAINT

Zloza's filings are difficult to follow and to the extent that they are understandable, appear frivolous. Zloza's complaint states that after he ran away from home as a fourth grader, a New Lisbon police officer punished him. (ECF No. 1 at 2.) When he was in eighth grade, Zloza suffered a stroke, and a teacher gave him an "F" in a course. (*Id.*) At some point thereafter, a woman named Janet Stevenson poisoned Zloza and killed her ex-husband. (*Id.* at 2–3.) Zloza also claims that officers "bashed [his] head in" with a frozen bottle, knocking him out, then threw him out of a car which "killed" him. (*Id.* at 3.) The Juneau County Courthouse then "punished [him] on fake child molestation charges" and a New Lisbon police officer drugged him. (*Id.*) Zloza adds that

he has "been in tons of car accidents, drug overdoses, injuries, harassment at work" since 2013, and has gotten several tickets for speeding and disorderly conduct. (*Id.*) He alleges "abuse of power, control," and negligence, stating that there is "not enough money for what they did to" him. (*Id.* at 3–4.) He asserts that he is suing under both federal and state law. (*Id.* at 4.) In an attachment to his complaint, Zloza provides more details regarding his encounters with Stevenson, car accidents, the frozen bottle incident, and various incidences of sexual harassment and assault he both suffered and perpetrated. (*See* ECF No. 1-1 at 1–2.)

Zloza has filed several other documents with the Court, mostly providing additional detail with respect to the allegations made in his complaint, but also adding seemingly unrelated and wholly incredible statements. On July 7, 2023, he made a filing appearing to be the same as the attachment to his complaint. (*Compare* ECF No. 5 *with* ECF No. 1-1.) One month later, on August 7, 2023, Zloza filed more materials making odd and incoherent statements. (ECF No. 14 at 1.) On August 10, 2023, Zloza's made two more filings with more fantastical statements and enclosing a decision from the Western District of Wisconsin dismissing a prior case filed by Zloza as frivolous. (ECF Nos. 18 & 19.) On August 11, 14, and 16 Zloza made even more filings of similar ilk. (ECF Nos. 20, 24 & 27.)

## ANALYSIS

Zloza's allegations are insufficient to support a federal lawsuit. As discussed above, the law requires the Court to dismiss a complaint that is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). While *pro se* pleadings are held to less stringent standards than those drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), not even excessively liberal construction rescues complaints that are frivolous. *See Denton*, 504 U.S. at 33. Zloza's complaint falls directly within this teaching. His pleading does not state a claim upon which relief can be granted; instead, it asserts allegations that are nonsensical, frivolous, and suggestive of mental illness. Indeed, "it is apparent from a reading of [his] complaint that there is no need to await the defendant's answer or motion to dismiss … to determine that the case is going nowhere," thus making his suit frivolous. *Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015). As such, the Court will dismiss the case under Section 1915(e)(2)(B)(i).

Because Zloza's claims are facially incredible, granting leave to amend would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("Leave to amend need not be granted, however, if it is clear that any amendment would be futile.").

Accordingly,

**IT IS HEREBY ORDERED** that Ollie's motion for leave to proceed without prepayment of the filing fee, ECF No. 25, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the pending motions to dismiss, ECF Nos. 21, 30, and 31, are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Ollie's complaint, ECF No. 1, is **DISMISSED with prejudice** as frivolous. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 15, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge